IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| M.P., | : | |
|     Plaintiff, | : | |
| VS. | : | 1:21-CV-63 (LAG) |
| Commissioner of Social Security, | : | |
|     Defendant. | : | |

**ORDER**

This Social Security appeal is presently before the Court on Plaintiff's Motion for Attorney's Fees. (Doc. 27). Plaintiff's counsel moves the Court to approve attorney's fees pursuant to 42 U.S.C. § 406(b). *Id.*

The Commissioner filed a Response to Plaintiff's Motion indicating that the Commissioner "neither supports nor opposes counsel's request for attorney's fees..." (Doc. 29 at 1). The Commissioner also "takes no position on the request to award a netted 406(b) award." *Id.* at 2. In declining to take a position on Plaintiff's counsel's requested fee, the Commissioner asserts that Plaintiff is not "the real party-in-interest" and the Commissioner claims to have "no direct financial stake in the outcome of this motion." *Id.* at 1. The Commissioner asserts "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable..." *Id.*

In declining to take a position on whether the requested fee is reasonable, the Commissioner cites his role as "a trustee for the claimants." *Id.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n.6 (2002)). However, this role as "trustee" does not make the Commissioner a disinterested observer in these proceedings. In fact, the Commissioner "has an obligation as trustee for Plaintiff [to object] if [he] believes the attorney's fees sought by Plaintiff's counsel are

unreasonable." *Taggart v. Comm'r of Soc. Sec.*, 2021 WL 86809 at *3 (S.D. Fla. 2021); *see also Plascencia v. Comm'r, Soc. Sec. Admin.,* 2020 WL 13660283 at *1 (N.D. Ga. 2020) ("The Commissioner is also entitled to respond to the fee request by Plaintiff's attorney because the Government 'retains an interest in the fair distribution of monies withheld for attorney's fees.'") (quoting *Lewis v. Sec'y of Health & Hum. Servs.*, 707 F.2d 246, 248 (6th Cir. 1983)). Even in cases where the Commissioner affirmatively represents that he has no objections to a fee's reasonableness, courts have noted that the Commissioner's "trustee" role makes that assent probative of the fee's reasonableness. *See e.g. Valerie G. v. Kijakazi,* 2021 WL 9385156 *3 (N.D. Ga. 2021) ("[T]he Court notes that the Commissioner does not oppose the motion…[T]he Commissioner's position is not dispositive, but the Court considers it a relevant factor given his trustee-like status.").

The Court recognizes that any position taken by the Commissioner regarding fee reasonableness "is not binding on this Court" because the Court has an "independent duty to review the reasonableness of the award." *Karyn J. v. Comm'r of Soc. Sec. Admin.*, 2022 WL 819927 at *2 (N.D. Ga. 2022) (citing *Gisbrecht*, 535 U.S. at 807). However, as the above cited authorities outline, the Commissioner's position as "trustee" for the Plaintiff makes his views on the reasonableness of the requested fee probative to the Court's analysis.

Accordingly, the Commissioner is **ORDERED** to supplement his Response to Plaintiff's Motion for Attorney's Fees, and more clearly articulate his position regarding the reasonableness of the requested fee. If the Commissioner has no objections to Plaintiff's counsel's requested fee, the Commissioner should so state. If the Commissioner finds Plaintiff's counsel's requested fee is unreasonable, the Commissioner should object and clearly articulate the basis for that objection.

The Commissioner shall file his supplemental Response **within TWENTY-ONE (21) days** of the date of this Order.

    **SO ORDERED**, this 28th day of June, 2024.

                                                      s/ ***THOMAS Q. LANGSTAFF***
                                                    UNITED STATES MAGISTRATE JUDGE